## CONTRACTS IN RESTRAINT OF TRADE WITH A DUAL FEATURE.

[Circuit Court of Summit County.]

McCausland Brothers v. Alfred Akers.

Decided, April Term, 1903.

*Account Stated—Combinations Contrary to Public Policy—Valid Contracts of, with Agents Enforceable where Separatable.*

Where a contract is dual in its nature, one part relating to the organization of an association alleged to be in restraint of trade and another and separable part relating to an agreement between the association and its selling agency, a claim of one of the members of the association against the common agent on an account stated for goods sold under the general agreement is enforceable at law.

Winch, J.; Hale, J., and Marvin, J., concur.

Error to the Court of Common Pleas of Summit County.

The plaintiffs in error brought a suit in the court below against Alfred Akers, as successor to and sole owner of a partnership doing business under the firm name of the Akron Brick & Tile Company, to recover upon a written contract, or contracts, between the parties whereby it was alleged the parties agreed that the defendant should act as agent for the plaintiffs and others in the sale of brick manufactured by the plaintiffs and others, keep account of all brick furnished, collect all moneys arising from sales and pay the same monthly to the parties so furnishing said brick, in proportion to the amount furnished by them respectively, the defendant further to guarantee the punctual payment of all debts arising from the sale of brick made by it.

Plaintiffs further alleged that pursuant to said contracts they furnished and delivered, on the order of the defendant, a large amount of brick, but that defendant failed and neglected to pay over to plaintiffs the said sums of money agreed upon in said contract on account of the said brick sold and delivered by them to the defendants, leaving a balance due plaintiffs for which they ask judgment.

A second cause of action, reaffirming all the allegations of the first cause of action, further alleges an account stated between the parties concerning said brick transactions.

To make out their case, plaintiffs, among other evidence, introduced a written agreement, part of which is as follows:

"ARTICLES OF AGREEMENT

"Made and entered into at Akron, Ohio, this 8th day of March, 1893, by and between Akron Brick & Tile Company, Cooler Brick Company, John Bailey, McCausland Brothers, Joseph Hugill, The Keller Brick Company and Cleveland & Besaw.

"*Know all men by these presents,* That we, the undersigned 'Brick Manufacturers,' having formed an association for the purpose of selling 'common' brick with greater economy and facility and for the purpose of better accommodating customers and purchasers of such brick, do hereby associate ourselves together under the name of the Akron Brick Association and do hereby bind ourselves, our heirs, executors and administrators, to the following 'Articles of Agreement.' "

And the fourth article is as follows:

"That there shall be employed an agent or agents by the unanimous consent of all the parties hereto, whose duty it shall be to sell all brick sold, and keep a correct and proper account of the same. He, or they, shall keep a correct account of the different qualities, the number of each, their respective prices and to even up sales every month, that is, to give to each party to this agreement as nearly as possible, an equal share of said sales, in quality and also in quantity. To collect all money arising from said sales and to pay said money to said parties monthly, according to the proportion of credits arising from said sales, belonging to each of the parties hereto.

"Article V. The agent or agents guarantee the punctual payment of all debts arising from the sales of bricks by him for them, except when sales are made upon credit, approved by the executive committee.

"Article VI. The agent or agents shall keep a correct account of said sales and of money collected, in regular books, which shall always be open to the inspection of the parties hereto. Said books of accounts shall be the property of the association. The agent or agents shall make a report monthly to each of the parties hereto, showing the number and quality of brick delivered by each party,

the amount of cash received and from whom collected and the amounts disbursed to the several parties hereto. And the said agent or agents shall enter into a good and sufficient bond in the sum of $10,000.00 conditioned for the faithful performance of his or their duties and for the guaranty of the collections of all moneys arising from the sale of bricks by such agent or agents.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

"Article XVII. The Akron Brick & Tile Company in consideration of one thousand dollars to be paid to said company in equal monthly installments hereby agree to act as agents for the 'Akron Brick Association' for the period of one year from date and do hereby agree to do and perform the duties required of such agents under the terms and conditions of the foregoing instrument, as made."

The agreement was signed by all the parties named therein, and signed twice by the Akron Brick & Tile Company, evidently once as a party to the agreement, or member of the association, and a second time as agent, it being the agent named in the agreement.

At the close of plaintiff's testimony, upon motion of the defendant, a verdict for him was directed, upon which verdict judgment for defendant was entered, and a petition in error has been filed in this court alleging that the court below erred in so ruling.

It is claimed by the defendant in error that the contract, extracts from which have been stated, was illegal and void, not binding upon any of the parties thereto, but was in restraint of trade and contrary to public policy; that the Akron Brick Association, as shown by said articles, was organized solely for the purpose of enhancing the price of brick and to prevent competition among the several members of such association; that the defendant was appointed as agent of such association wholly in furtherance of said unlawful purpose; that there can be no recovery under said contract because of this illegality. If such is the case, the second cause of action on an account stated, must fail as well as the first. "A claim void by reason of illegality will not support an account stated." (1 Am. & Eng. Enc., 2d. Ed., 442).

Plaintiffs' claim that the contract is dual in its nature, part setting forth the organization of the Akron Brick Association and determining the relation of the members to each other, and part creating the reation of agent between the defendant and the several

members of the association.   Such appears to be a reasonable construction of said contract, and adopting it we find no such illegality in the relation of principal and agent claimed to exist between the parties to this suit as to prevent a recovery for that reason.

Where part of a contract is illegal and the illegal part is severable from the balance, the effect of such illegality is not to render the whole contract illegal, but the legal part may be enforced.   The authorities on this point are well collected in the 15th Am. & Eng. Enc. of Law, 2d Ed., 990.

The bill of exceptions shows that defendant sold brick to many customers on orders filled by plaintiffs, and testimony was introduced tending to show that defendant collected the proceeds of such sales and has not fully accounted to plaintiffs therefor.   This testimony should have been submitted to the jury.

The judgment is reversed.

*Wilcox & Grant,* for plaintiffs in error.

*Rogers, Rowley, Bradley & Rockwell,* for defendants in error.